CLD-231                                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-1227
_____

In Re: MICHAEL SHEMONSKY,
                                            Appellant.
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civ. No. 09-cv-00197)
District Judge: John E. Jones, III
_____

Submitted for Possible or Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
**July 8, 2011**

Before:   RENDELL, FUENTES and SMITH, Circuit Judges

(Opinion filed: August 3, 2011)
_____

OPINION
_____

PER CURIAM

        Appellant Michael R. Shemonsky initially sought to reopen a bankruptcy case that

had been dismissed.  After a hearing on December 17, 2008, the Bankruptcy Court

denied his motion to reopen.  Shemonsky appealed that order to the United States District

Court for the Middle District of Pennsylvania.  In an order entered on March 13, 2009,

the District Court affirmed the Bankruptcy Court's order and summarily denied

1

Shemonsky's appeal because he had failed to raise any issue of merit. Upon review of the record, including the transcript of the hearing held on December 17, 2008, we agreed that Shemonsky raised no issue of arguable merit and summarily affirmed the judgment of the District Court. See In re: Shemonsky, 331 Fed. Appx. 104 (3d Cir. 2009).

At issue in the instant appeal, Shemonsky filed a motion in the district court, which he based on Rule 60(b), Fed. R. Civ. Pro. In an order entered on January 6, 2011, the District Court denied the motion. The court noted that Shemonsky was essentially arguing that United States Bankruptcy Judge John J. Thomas could not preside over the underlying bankruptcy case because he is not a judge appointed under Article III of the United States Constitution. The District Court Judge denied Shemonsky's Rule 60 motion, noting that Judge Thomas was appointed pursuant to Article I of the United States Constitution, and, as such, he has full authority and jurisdiction to preside over bankruptcy matters, including Shemonsky's bankruptcy matter.

Shemonsky filed a timely motion for reconsideration, in which he argued that federal district judges are "tyrannical," and Judge Thomas is discriminated against because he does not get equal pay. The District Court denied the motion for reconsideration in an order entered on January 12, 2011, observing that Shemonsky was wasting the court's time.

Shemonsky appeals. Our Clerk advised him that we might act summarily to dispose of the appeal. In addition to submitting numerous documents in support of his appeal, Shemonsky has filed several motions, all of them plainly lacking in merit.

Generally, the District Court has jurisdiction to review the Bankruptcy Court's orders pursuant to 28 U.S.C. § 158(a), and we have jurisdiction to review the District Court's order under 28 U.S.C. § 158(d) and § 1291. We will summarily affirm the order of the District Court because no substantial question is presented by this appeal, Third Circuit LAR 27.4 and I.O.P. 10.6. We are in complete agreement with the District Court's analysis. As the District Court concluded, Congress, in reliance upon power expressly granted to it by Article I, § 8, cl. 4 of the United States Constitution, has authorized bankruptcy judges like Judge Thomas to conduct core bankruptcy proceedings. Bankruptcy judges do not have Article III status, Northern Pipeline Constr. Co. v. Marathon Pipe Line Co., 458 U.S. 50, 61 (1982), and Judge Thomas need not be an Article III judge to preside over Shemonsky's cases. See generally Phar-Mor, Inc. v. Coopers & Lybrand, 22 F.3d 1228, 1234-35 (3d Cir. 1994) (discussing the distinction between core and non-core proceedings).

For the foregoing reasons, we will summarily affirm the orders of the District Court denying Shemonsky's "Rule 60(b)" motion and motion for reconsideration. Shemonsky's motions on appeal to supplement the record under Fed. R. App. Pro. 10(e); to seize, etc.; and to transfer his bankruptcy cases to the Eastern District of Pennsylvania all are denied.